UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY MALCOM

        Petitioner,                               Case No. 4:15-cv-12749
v.                                                Honorable Linda V. Parker

ANTHONY STEWART,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Ebony Malcom ("Petitioner"), incarcerated at the Huron Valley Complex in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the Circuit Court for Wayne County, Michigan, of the following offenses: operating a criminal enterprise in violation of Michigan Compiled Laws § 750.159i; two counts of false pretenses with intent to defraud in violation of Michigan Compiled Laws § 750.218(5)(a); nine counts of forgery in violation of Michigan Compiled Laws § 750.248; nine counts of uttering and publishing false or forged records in violation of Michigan Compiled Laws § 750.249; seventeen counts of identity theft in violation of Michigan Compiled Laws § 750.65; and recording a false conveyance of realty in violation of Michigan Compiled Laws § 565.371. The

state trial court departed upward from the state sentencing guideline range and sentenced Petitioner to 8 to 20 years for the racketeering conviction and concurrent terms of five years' probation for each of her other convictions.[1]

Petitioner raises two claims in her pro se petition for habeas relief: (1) the trial court did not express substantial and compelling reasons for departing above the recommended sentencing guideline range; and (2) Petitioner should be re-sentenced before a different judge. This Court is summarily denying the petition because Petitioner's claims are not cognizable on habeas review. The Court also is denying Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

## I. Background

While awaiting trial, Petitioner filed her first habeas petition in this district. The petition was dismissed without prejudice on exhaustion grounds because Petitioner's criminal case was pending in the trial court. *Malcom v. Napoleon*, No. 13-10332, 2013 WL 980204 (E.D. Mich. Mar. 13, 2013). Petitioner was subsequently convicted by a jury of the offenses described above.

Petitioner filed an appeal of right with the Michigan Court of Appeals, raising what now form her two habeas claims. The court of appeals affirmed her

---

[1] The final sentencing guidelines range provided a minimum sentence range of three to five years' imprisonment for Petitioner's racketeering conviction. *See People v. Malcom*, No. 315265, 2014 WL 3547236, at *3 (Mich. Ct. App. July 17, 2014).

conviction. *People v. Malcom*, No. 315265; 2014 WL 3547236 (Mich. Ct. App. July 17, 2014).

During the pendency of her appeal of right, Petitioner filed a second petition for writ of habeas corpus in this district. It too was dismissed without prejudice on the ground that Petitioner failed to exhaust her state court remedies. *Malcom v. Warren*, No. 2:14-CV-13059, 2014 WL 4272788, at *1 (E.D. Mich. Aug. 29, 2014).

On March 3, 2015, the Michigan Supreme Court denied Petitioner's application for leave to appeal from her appeal of right. *People v. Malcom*, 859 N.W.2d 515 (Mich. 2015).

Petitioner filed yet another federal habeas petition that raised unexhausted claims. This action, like the previous ones, was also denied without prejudice. *Malcom v. Stewart*, No. 2:15-cv-11175 (E.D. Mich. April 22, 2015).

The current action constitutes Petitioners' fourth federal habeas petition. In this one, she raises only two claims that were exhausted during her appeal of right.

**II.   Discussion**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Similarly, a federal habeas court may dismiss a habeas corpus petition "if it plainly appears from the face of the petition and the exhibits attached thereto,

3

that the petitioner is not entitled to federal habeas relief. *Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

A sentence imposed within the statutory limits, such as Petitioner's sentence, is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute generally does not violate the Eighth Amendment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (citing cases). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (citing *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987)). Here, Petitioner's sentences are within the statutory limits and were authorized by law, as set forth in the Michigan Court of Appeals' decision rejecting Petitioner's direct appeal. *People v. Malcolm*, No. 315265, 2014 WL 3547236 (Mich. Ct. App. July 17, 2014).

Petitioner claims that the trial court violated Michigan statutory provisions regarding upward departures from the sentencing guidelines by failing to articulate substantial and compelling reasons for doing so. Petitioner attached a copy of the Michigan Court of Appeals' decision to her petition. (ECF No. 1-3 at Pg ID 224-

229.) The opinion confirms that Petitioner's claim is entirely based on alleged violations of state sentencing law.

An argument based on a perceived error or alleged violation of state law fails to state a claim on which habeas relief may be granted. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). Moreover, "the actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire* 502 U.S. 62, 68 (1991)). "[I]n short, [a] petitioner ha[s] no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating Petitioner's guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id*.

Against that backdrop, the Court concludes that Petitioner is not entitled to habeas relief with respect to her claims.

### III. Conclusion

For the above reasons, the Court is summarily denying the petition for writ of habeas corpus. The Court also is denying Petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C.

§ 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. A federal district court must decide whether to issue a certificate of appealability when it issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court is denying Petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. Reasonable jurists would not find it debatable whether Petitioner's claims concerning her sentence state a violation of federal law and, to the extent violations of state law are alleged, that such claims are not cognizable on federal habeas review. The Court also is denying Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

Accordingly,

**IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal in forma pauperis.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 19, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 19, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager